[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15582
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20601-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETAIN FILS AIME,
a.k.a. Jimmy Codio,
a.k.a. Jimmy Paul Codio,
a.k.a. Dimie Paul Codio,
a.k.a. Dimio Codio,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Petain Fils Aime appeals his 25-month sentence for illegal reentry of a deported alien. On appeal, Aime argues that his sentence is substantively unreasonable. After review, we affirm.

## I. BACKGROUND

### A. Deportation and Illegal Reentry

Aime is a native and citizen of Haiti. By 1979, however, Aime had entered the United States.[1] In 1987, Aime was convicted under the name Codio of sale and delivery of cocaine in Ft. Pierce, Florida and of possession of cocaine in Vero Beach, Florida. After serving his one-year sentences, Aime was deported to Haiti.

In 1988, Aime's mother immigrated to the United States and adjusted her status to lawful permanent resident. Aime's mother settled in Miami, where she lives today.

At some point, Aime's mother tried unsuccessfully to gain lawful permanent resident status for him. As part of this attempt, in 2003, Aime went to the United States Embassy in Haiti and applied for a visa. In his application, Aime knowingly and intentionally failed to disclose his prior criminal record and deportation under the name Codio.

---

[1]We know Aime was in the United States by 1979 because that is when Aime (under the alias Jimmy Codio) first was arrested in Miami, Florida.

On June 29, 2010, Aime arrived at Miami International Airport on a flight from Haiti. Aime presented his Haitian passport and a (fraudulent) lawful permanent resident card in his own name. Upon scanning Aime's fingerprints, customs officials discovered that he was previously deported under the name Codio after being convicted of drug crimes.

Aime was charged with, and pled guilty to, one count of being an alien who, after having been previously deported, knowingly and intentionally entered or attempted to enter the United States without authorization, in violation of 8 U.S.C. § 1326(a) and (b)(2).

**B.     Presentence Investigation Report**

The Presentence Investigation Report ("PSI") calculated an offense level of 21, which included a 16-level increase because Aime was previously deported following a felony drug trafficking conviction. See U.S.S.G. § 2L1.2(b)(1)(A). However, Aime's prior drug convictions did not count toward his criminal history score because they were over fifteen years old. See U.S.S.G. § 4A1.2(e). With a criminal history category of I and a total offense level of 21, the PSI recommended an advisory guidelines range of 37 to 46 months' imprisonment. Neither party objected to the PSI's facts or guidelines calculations.

**C.     Sentencing**

At sentencing, without objection, the district court accepted the facts in the PSI and calculated an advisory guidelines range of 37 to 46 months. In mitigation, Aime argued that: (1) he had not been involved with drugs since his 1987 convictions; and (2) he returned to the United States at the insistence of his elderly mother, who purchased his plane ticket and needed his help, and because he had four children in Haiti that he needed to support. Aime asked for an 18-month sentence.

The government responded that: (1) Aime's previous incarceration had not deterred him from reentering the United States; (2) Aime had attempted to defraud the United States in his attempts to reenter; and (3) the advisory guidelines range would be higher if Aime's prior drug convictions were counted in his criminal history score. The government asked for a 37-month sentence to promote respect for the law and deter Aime from coming back to the United States after his release.

The district court granted in part Aime's request for a downward variance. The district court stressed that: (1) Aime's familial devotion to his elderly mother and his children may have clouded his rational judgment; and (2) Aime had no record of criminal activity since his deportation. The district court concluded that a 25-month sentence, 12 months below the low end of the advisory guidelines range, was "sufficient to reflect the seriousness of the offense, to promote respect

for the law, [and] to provide just punishment." The district court further stated that a 25-month sentence "will afford adequate deterrence because it is not just a slap on the wrist, it will protect the public because I think that Mr. Fils Aime has learned his lesson and he will not be back here again." The district court said that it had "considered the other guidelines and the need to avoid disparity in sentencing." Aime filed this appeal.

## II. DISCUSSION

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. Id.

The weight to be given any particular factor is left to the sound discretion of the district court. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

5

The district court also "has 'considerable discretion' in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir.), cert. denied, 129 S. Ct. 2487 (2009) (quoting Pugh, 515 F.3d at 1191). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191.

Procedurally, Aime asserts that the district court did not consider all of the § 3553(a) factors because it failed to mention § 3553(a)(6), which prohibits unwarranted sentencing disparities. The district court stated on the record that it had considered the § 3553(a) factors, which generally is sufficient. See Talley, 431 F.3d at 786 (explaining that a district court need not explicitly consider or discuss each § 3553(a) factor so long as it states that it has considered them). In addition, the district court discussed nearly every statutory factor, including unwarranted sentencing disparities, when it explained its reasons for the sentence. Thus, Aime has not shown that his sentence is procedurally unreasonable.

Substantively, Aimee has not shown that the district court's decision to vary downward by 12 months, rather than the 19 months Aimee requested, was

unreasonable. Aimee argues that the district court failed to adequately consider his lack of a recent criminal history and his reasons for reentering the United States. The record does not bear this out. The district court specifically noted that Aime had been living "a law-abiding life" since his deportation and felt compelled to return to the United States because of his elderly mother and his need to support his children. However, as the government pointed out, Aime also twice lied to immigration officials in his attempts to enter the United States, including presenting an invalid lawful permanent resident card during the instant offense. We will not second guess the district court's judgment that the totality of the circumstances warranted only a 12-month variance and that the 25-month sentence it imposed was necessary to reflect the seriousness of Aime's offense, promote respect for the law and deter Aime from attempting to reenter again.

**AFFIRMED.**